UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER VICENTE MENDEZ,<br><br>Petitioner,<br><br>v.<br><br>RON MURRAY, et al.,<br><br>Respondents. | No. 1:26-cv-05353-DAD-CKD (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT<br><br>(Doc. Nos. 1, 2) |

On July 13, 2026, petitioner Elmer Vicente Mendez, by and through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Therein, petitioner alleges that he entered the United States as an unaccompanied child in 2016, upon entry he was placed in the custody of the Office of Refugee Resettlement ("ORR") and then released from custody upon a finding that he presented neither a flight risk nor danger to the community, and he was then re-detained on May 27, 2026. (*Id.* at 2.) Also on July 13, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 2.)

On the same day, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this

court has decided.  (Doc. No. 5.)  In addition, respondents were directed to state any opposition they had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in their opposition.  (*Id.*)

On July 14, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order.  (Doc. No. 6.)  Therein, respondents admit that petitioner entered the United States as an unaccompanied minor but argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b) following multiple encounters with law enforcement.  (*Id.* at 1.)  Respondents request that the court resolve the underlying habeas petition on the current briefing and without a hearing, and the court will do so.  (*Id.* at 4.)

Because petitioner entered this country as an unaccompanied minor, he cannot be detained pursuant to 8 U.S.C. § 1225(b) but only pursuant to 8 U.S.C. § 1232.  *Cornejo v. Andrews*, 823 F. Supp. 3d 1085, 1096 (E.D. Cal. Jan. 29, 2026) (explaining that the petitioner who entered as an unaccompanied minor and was classified as such could not have his status reassessed and accordingly could not be detained pursuant to § 1225(b)(2)(A)); *see also P.A.H.E. v. Noem*, No. 1:26-cv-01164-DJC-JDP, 2026 WL 451662, at *2 (E.D. Cal. Feb. 17, 2026) (same).  Other district courts have concluded that prior release by the ORR creates a protected liberty interest in continued release, that the release necessarily required the ORR to determine that the released person did not pose a danger or a flight risk, and accordingly that due process required a pre-deprivation hearing prior to any re-detention.  *Cornejo*, 823 F. Supp. 3d at 1097–1100; *see also P.A.H.E.*, 2026 WL 451662, at *2–3.  The court finds this reasoning to be persuasive and adopts it here.  Accordingly, the court concludes that because petitioner was previously released pursuant to 8 U.S.C. § 1232, he was entitled to a pre-deprivation hearing prior to any re-detention and his immediate release is the appropriate remedy here.

For the reasons explained above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as

follows:

/////

2

   a.   Respondents are ORDERED to immediately release petitioner Elmer Vicente Mendez, A-File No. 208-883-247, from respondents' custody on the conditions, if any, he was subject to prior to his detention on May 27, 2026;

   b.   Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2.   Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting his habeas petition on the merits;

3.   The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Center; and

4.   The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **July 15, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3